SHAWN DEMETRIUS JONES,

        Petitioner,

  v.                                          Case No. 25-cv-460-pp

STEVEN R. JOHNSON,

        Respondent.

**ORDER SCREENING AMENDED *HABEAS* PETITION (DKT. NO. 5), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

On June 20, 2025, the petitioner (representing himself) filed an amended petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging the revocation of his extended supervision related to his 2012 conviction for aggravated battery. Dkt. No. 5. He has paid the $5 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because the petitioner has not exhausted his claims, the court must dismiss the petition and the case.

**I.    Background**

      A.    Underlying Conviction

The petition refers to State of Wisconsin vs. Shawn Demtrius Jones, Milwaukee County Case No. 2011CF004394. The petitioner pled guilty to one count of aggravated battery with the intent to cause great bodily harm. Jones, Case No. 2011CF004394 (available at https://wcca.wicourts.gov). The state court sentenced the petitioner to eight years of initial confinement and four

1

years of extended supervision. Id. The court entered the judgment of conviction on February 20, 2012. Id.

The petitioner states that he appealed his conviction and sought to withdraw his plea—arguing that his plea was not knowing, intelligent and voluntary—but that he was not successful. Dkt. No. 5 at 3. The amended petition does not provide the dates on which he filed these pleadings; the petitioner provided only the date on which the highest state court denied his appeal—July 15, 2014. Id. The state court docket reflects that on June 25, 2012, the petitioner filed a motion for postconviction relief, which the trial court denied. Jones, Case No. 2011CF004394. The petitioner appealed, but the docket shows that that that appeal was voluntarily dismissed on July 17, 2013. Id. The petitioner then filed a second motion for postconviction relief, which was denied. Id. The court of appeals affirmed on July 15, 2014. Id. The petitioner also filed *pro se* motions for postconviction relief and for sentence modification, both of which the trial court denied. Id. The petitioner did not appeal those decisions. Id.

B. Revocation Proceedings

According to the petitioner's brief in support of the amended petition, he was released to extended supervision on August 27, 2019. Dkt. No. 6 at 2. The petitioner states that on December 5, 2020, the supervising agent informed the petitioner that she had received an anonymous tip that he had violated the conditions of his release by "selling large amounts of drug[s]." Id. The petitioner states that he was arrested on March 23, 2024, which he argues was seven months after the September 3, 2023 expiration of his sentence. Id. The petitioner states that his extended supervision was revoked on January 16, 2025. Id. at 3. The petitioner attached to the amended petition an April 17,

2025 appeal decision from the Division of Hearings and Appeals that stated that the petitioner had submitted to that division three letters—postmarked March 21, 27 and 28 of 2025—related to the revocation proceedings. Dkt. No. 5-1 at 7. The April 17, 2025 letter from the Division of Hearings and Appeals advised the petitioner that he had not properly appealed the revocation of his extended supervision because the letters, although they "appear[ed] to contain arguments that could constitute an appeal," were not timely filed. Id.

The state docket reflects that the petitioner filed several more motions and petitions for review in the state court during and after the revocation proceedings. He filed petitions to vacate his sentence—one on September 19, 2024, one on January 10, 2025 and one on January 22, 2025—and motions for postconviction relief on June 5, 2025, July 7, 2025 and August 1, 2025. Jones, Case No. 2011CF004394. The trial court denied all these petitions and motions. Id. On September 4, 2025, the petitioner filed a notice of appeal, which remains pending. Id.

The petitioner also filed a state petition for *habeas corpus.* Dkt. No. 5-1 at 6; see also Shawn D. Jones vs. {Defendant}, Milwaukee County Case Number 2024CV009113. The trial court denied the petitioner's state *habeas* petition on July 15, 2025. Jones, Case No. 2024CV009113. On August 1, 2025, the petitioner filed a motion to reconsider that denial, which remains pending. Id.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an

> answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the federal district court still may be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner

4

prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. The Petition

The amended petition raises four grounds for relief: (1) the supervising agent lacked jurisdiction to pursue revocation because the petitioner's sentence expired in 2023; (2) the petitioner's detention prior to the revocation proceedings did not toll his term of supervision, so it expired on September 3, 2023; (3) the petitioner could not be revoked in January 2025 because his sentence expired by operation of law; and (4) the petitioner never received the written order of the revocation decision so he was not able to timely appeal the decision. Dkt. No. 5 at 6–9. All these grounds for relief challenge the revocation of the petitioner's supervised release.

A petitioner is required to exhaust his claims by presenting them to the state court before proceeding to federal *habeas* review. Woodford v. Ngo, 548 U.S. 81, 92 (2006). The exhaustion doctrine "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," so a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). To exhaust his remedies, the petitioner must have raised every one of the issues he raises in this *habeas* petition in a filing with the Milwaukee County Circuit Court and, if he loses there, he must raise the same issues in a direct appeal to the Wisconsin Court of Appeals and a petition for review to the Wisconsin Supreme Court. It appears the petitioner challenged his revocation proceedings in the multiple motions he submitted to the circuit court. The circuit court denied all

5

those motions. But the petitioner did not appeal any of those denials until September 4, 2025. That appeal remains pending. The petitioner must wait for the court of appeals to issue a decision on his appeal; if his appeal is denied, he must file a petition for review with the Wisconsin Supreme Court. The petitioner can file a petition for federal *habeas* review only after those proceedings are completed.

Because the petitioner has not exhausted his claims, the court must dismiss the petition. See Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits").

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief.

## IV. Conclusion

The court **DISMISSES** the petition for writ of *habeas corpus* under 28 U.S.C. §2254 for the petitioner's failure to exhaust his state court remedies. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that the case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 15th day of September, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**